| | |
|---|---|
| 1 | SCOTT N. SCHOOLS (SC 9990)<br>United States Attorney |
| 2 | |
| 3 | DOUG SPRAGUE (CSBN 202121)<br>Acting Chief, Criminal Division |
| 4 | PETER B. AXELROD (CSBN 190843)<br>Assistant U.S. Attorney |
| 5 | |
| 6 | 450 Golden Gate Ave (11th Floor)<br>San Francisco, CA 94102<br>Telephone: (415) 436-7200 |
| 7 | Facsimile: (415) 436-7234<br>E-Mail: Peter.Axelrod@usdoj.gov |
| 8 | |
| 9 | Attorneys for the United States |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | | |
|---|---|---|---|
| 13 | UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 3 07 70369 |
| 14 | Plaintiff, | ) | |
| 15 | v. | ) | NOTICE OF PROCEEDINGS ON<br>OUT-OF-DISTRICT CRIMINAL **BZ**<br>CHARGES PURSUANT TO RULES |
| 16 | EDGARDO PALASIGE BALAGTAS, | ) | 5(c)(2) AND (3) OF THE FEDERAL RULES<br>OF CRIMINAL PROCEDURE |
| 17 | Defendant. | ) | |
| 18 | _____ | ) | |

Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal Procedure that on June 25, 2007, the above-named defendant was arrested based upon an arrest warrant (copy attached) issued upon an

☐ Indictment

☐ Information

☑ Criminal Complaint

☐ Other (describe) _____

pending in the Eastern District of Virginia, Case Number 07mj530.

1

1 | In that case, the defendant is charged with a violation of Title 18, United States Code, Section
2 | 201.
3 | Description of Charges: Bribery of a Public Official.

Respectfully Submitted,

SCOTT N. SCHOOLS
UNITED STATES ATTORNEY

Date: June 25, 2007

PETER B. AXELROD
Assistant U.S. Attorney

AO 442 (Rev. 5/83) Warrant for Arrest

# United States District Court

EASTERN DISTRICT OF VIRGINIA          JUN 21 2007

UNITED STATES OF AMERICA

v.

EDGARDO PALASIGE BALAGTAS

aka: EDGARDO GARDOCE

**INFORMATION COPY ONLY**

**WARRANT FOR ARREST**

CASE NUMBER: 1:07mj530

NOTICE: BEFORE ARREST, VALIDATE THROUGH NCIC. ORIGINAL HELD BY U.S. MARSHAL.

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest _____Edgardo Palasige Balagtas_____
                                              Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☐ Indictment  ☐ Information  ☒ Complaint  ☐ Order of court  ☐ Violation Notice  ☐ Probation Violation Petition

charging him

with directly or indirectly, corruptly giving, offering or promising anything of value to a public official or person to influence any official act

in violation of Title ___18___ United States Code, Section(s) _____

THOMAS RAWLES JONES, JR.
U.S. MAGISTRATE JUDGE
EASTERN DISTRICT OF VIRGINIA

Name of Issuing Officer / Title of Issuing Officer

Signature of Issuing Officer        June 21, 2017
                                    Date and Location

Bail fixed at $ _____
                          By _____  Name of Judicial Officer

**RETURN**

| This warrant was received and executed with the arrest of the above-named defendant at _____ |
|---|

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

(THU) 6. 21' 07 11:39/ST. 11:38/NO. 4864613344 P 2          FROM U.S. ATTY OFC

AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court
## EASTERN DISTRICT OF VIRGINIA

JUN 21 2007

UNITED STATES OF AMERICA

v.

CONSUELO B. FLETCHER
aka : CONSUELO SEGUIN
CONSUELO BALAGTAS

EDGARDO PALASIGE BALAGTAS
aka : EDGARDO GARDOCE

**COPY** CRIMINAL COMPLAINT

CASE NUMBER: 1:07mj530

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about **May 3, 2005** in **Fairfax** County, in the **Eastern** District of **Virginia** defendants did,

directly or indirectly, corruptly give, offer or promise anything of value to a public official or person to influence any official act

in violation of Title **18** United States Code, Section(s) **201**.

I further state that I am a(n) **Special Agent** and that this complaint is based on the following facts:
Official Title

See Attached Affidavit

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

AUSA- Ronald L. Walutes, Jr.

Sworn to before me and subscribed in my presence,

_June 21, 2007_ at **Alexandria, Virginia**
Date      City and State

The Honorable T. Rawles Jones, Jr.     /s/Thomas Rawles Jones, Jr.
Name & Title of Judicial Officer      Signature of Judicial Officer

Signature of Complainant
Pamela Bombardi
Special Agent
Federal Bureau of Investigation

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case Number: |
| ) | |
| CONSUELO B. FLETCHER, ) | |
| also known as Consuelo ) | |
| Seguin; Consuelo Balagtas, ) | |
| ) | |
| EDGARDO PALASIGE BALAGTAS, ) | |
| also known as Edgardo ) | |
| Gardoce, ) | |
| ) | |
| Defendants. ) | |

Affidavit in Support of a Criminal Complaint
and an Arrest Warrant

I, Pamela Bombardi, after being duly sworn, depose and state:

1. I am a Special Agent employed by the Federal Bureau of Investigation (FBI). I have been so employed for more than nineteen years. I am currently assigned to the FBI's field office for the Washington, D.C., area. My primary duty as an agent is to investigate allegations of public corruption, fraud against the government, bribery, and obstruction of justice.

2. This affidavit contains information necessary to support probable cause for this application. It is not intended to include each and every fact and matter observed by me or known by the government. The information provided is based on my personal knowledge and observations, information conveyed to me by other law enforcement officials, and my review of records, documents

and other physical evidence obtained during the investigation of this case.

3. I present this affidavit in support of a criminal complaint and arrest warrant charging Consuelo Fletcher (Fletcher) and Edgardo Palasige Balagtas (Balagtas) with violation of Title 18, United States Code, Section 201, Bribery of a Public Official.

### Consuelo B. Fletcher

4. Consuelo Balagtas was born in 1952 in the Philippines. As a result of marriage, she changed her name to Consuelo Seguin. She later changed her name to Consuelo Fletcher when she married again. Fletcher has a daughter, born in September 1978, in the Philippines. Her daughter became a naturalized United States citizen in March 1989.

5. Fletcher began working for the Immigration and Naturalization Service (INS), Washington District Office (WDO) Asylum, on February 20, 2000. On November 11, 2001, she started at the INS, Office of District Director, Washington, D.C., Records Administration and Information Branch. She continued working in that capacity after the Citizenship and Immigration Service (CIS), Department of Homeland Security (DHS) took over that function.

6. Fletcher's social security account number is XXX-XX-6422. She currently resides in Northern Virginia within the Eastern District of Virginia.

2

### Edgardo Palasige Balagtas

7. Edgardo Palasige Balagtas was born in 1974, in the Philippines. Balagtas is Fletcher's nephew. On May 5, 1997, Fletcher's daughter filed immigration form I-130, Petition for Alien Relative, on behalf of Balagtas. On that form, Fletcher's daughter represented that she married Balagtas (her first cousin) on March 10, 1997, in the Philippines. A copy of the marriage certificate was attached to the application. That petition was approved on or about August 4, 1997. Balagtas then applied to the United States Department of State for a visa to enter the United States as a Conditional Resident. That visa was issued on or about March 3, 1998. Balagtas entered the United States on or around April 5, 1998, as a Conditional Resident based on his marriage.

8. On or about February 22, 2000, Balagtas filed immigration form I-571, Petition to Remove the Condition on Residence. Form I-571 is used to remove the conditions and make an alien a lawful permanent resident (LPR). On or about December 18, 2000, his application was denied because Balagtas failed to report to interviews required by CIS. He was placed in removal proceedings. The removal proceedings were terminated by INS based on a determination made by an INS attorney around March 2001.

9. Balagtas' social security account number is XXX-XX-1233. He was a resident of Virginia until he moved to California in 2006.

### Robert T. Schofield

10. Robert T. Schofield was a Supervisory District

3

Adjudication Officer with the United States Department of Justice, Immigration and Naturalization Service (INS) beginning in 1998. Schofield continued in that capacity after INS was dissolved and DHS, CIS was created. He remained in that position until his arrest on June 28, 2006. On April 20, 2007, Schofield was sentenced to fifteen years of incarceration in United States District Court, Eastern District of Virginia for Bribery of a Public Official, Title 18, United States Code, Section 201, and Procurement of Citizenship or Naturalization Unlawfully, Title 18, United States Code, Section, 1425.

### The Law

11. I am advised that Title 18, United States Code, Section 201 makes it a crime for anyone to directly or indirectly, corruptly give, offer or promise anything of value to any public official or person to influence any official act.

12. I am also advised that Title 18, United States Code, Section 371 makes it a crime for anyone to unlawfully, knowingly and intentionally combine, conspire, confederate and agree together with other persons, to commit any offense against the United States.

### Bribery of Public Official Committed by Balagtas and Fletcher

13. On the day of Schofield's arrest, June 28, 2006, I interviewed Fletcher. She stated that she had never done any special favors for Schofield. She further stated that she never received any monies or other benefit from him for work that she performed at the CIS.

14. On numerous occasions since entering his guilty plea, I

4

and other members of law enforcement have interviewed Schofield. Schofield advised that in or around March 2001, Fletcher asked Schofield for assistance in altering Balagtas' immigration status. Because of Fletcher's request, Schofield put a temporary I-551 stamp in Balagtas' passport indicating that Balagtas was a lawful permanent resident (LPR). The stamp was valid for one year. Schofield put at least one additional stamp in Balagtas' passport. Because Balagtas was not in a bonafide marriage to a United States citizen, he was not entitled to those stamps which indicated that he had LPR status.

15. Schofield also advised me that sometime in 2003, Fletcher asked him about providing citizenship for Balagtas. Schofield told her that they could not follow the normal procedure of sending the file to the Vermont Processing Center because Schofield had already taken action altering Balagtas' file. Because of her position at CIS, Fletcher was well aware that under legitimate circumstances, Balagtas' application for citizenship should have been forwarded to Vermont. Contrary to regulation and procedure, Schofield handled all of the paperwork for the naturalization application and he personally interviewed Balagtas. He then requested that a hand-typed certificate of naturalization be issued to Balagtas.

16. Schofield further advised that Fletcher paid him for the stamps that he had placed in Balagtas' file. In addition, Fletcher paid him between one thousand ($1000) and three thousand ($3000) dollars for processing the naturalization paperwork for Balagtas.

17. A review of a CIS Naturalization logbook showed that Edgardo Palasige Balagtas was issued a hand-typed naturalization certificate with Serial #28614978 on or about May 3, 2005.

5

Naturalization certificates are typically computer generated and only a small number are hand-typed. The initials "RTS" are next to the entry for Balagtas in the logbook. This Naturalization Certificate was issued in the CIS office within the Eastern District of Virginia.

18. I have reviewed bank records pertaining to the account under the name Edgardo Balagtas. On May 2, 2005, the day before Schofield illegally caused a Naturalization Certificate to issue in Balagtas' name, Balagtas made a withdrawal of two thousand dollars in cash from his bank account.

19. On or around March 2006, Schofield asked Fletcher if she was willing to alter the CIS databases at his request in exchange for money. Fletcher agreed. Starting in or around March 2006, Schofield paid Fletcher approximately one thousand dollars ($1000) at the beginning of the month. He always paid her in cash contained in an envelope. He made the payment either in the office or during a coffee break at a nearby location. Schofield used cash given to him from brokers looking to purchase documents. When Schofield wanted an entry made, he gave Fletcher a printout reflecting the individual's current immigration status and told her what he wanted entered into the system. Schofield made those payments through June 2006, when he was arrested.

20. Balagtas' immigration file has been reviewed by a senior CIS official. That official confirmed that the correct procedures had not been followed regarding the issuance of Balagtas' naturalization certificate and that it had not been issued properly. Specifically, (1) there is no record of payment of the appropriate fees; (2) there is no record of any security checks having been conducted; and (3) there is no record of Balagtas having received LPR status, a prerequisite for

6

naturalization. Any application for citizenship should have been recorded and processed by the Vermont Service Center, but CIS databases have no record of an application for naturalization having been filed by Balagtas.

21. On or about February 6, 2007, I interviewed Fletcher for a second time. According to Fletcher, Balagtas had married Fletcher's daughter approximately ten years ago but had just recently divorced her. Fletcher claimed that her daughter and Balagtas, although cousins, actually fell in love and wanted to be married.

22. Fletcher further advised that after her daughter and Balagtas were married, Fletcher helped them fill out the necessary immigration paperwork to assist Balagtas in obtaining his legal permanent residence based on his marriage to a United States citizen (Fletcher's daughter). When Balagtas experienced problems with his application process, Fletcher asked her supervisor, Schofield, for help. Balagtas was under deportation proceedings at that time. Schofield said that Balagtas should file a petition to reopen his case. Fletcher instructed Balagtas that once the matter was reopened, he should not to follow the normal procedures and attend the scheduled interview. Fletcher was aware that Balagtas did not have the required documentation and that Balagtas and Fletcher's daughter were already separated.

23. Fletcher stated that Balagtas brought his passport to Schofield and that Schofield provided Balagtas with a temporary green card stamp (I-551) in his passport. For a few years, Balagtas routinely received these stamps from Schofield. Balagtas then filed an application for naturalization and started visiting Schofield on a regular basis. Balagtas visited Schofield at his office so often that Fletcher lost track of how

7

many times Balagtas actually met with Schofield.

24. According to Fletcher, Schofield was not provided any money in exchange for Balagtas' green card stamps but Balagtas told Fletcher that he had given three thousand dollars ($3000) to Schofield on the day that he, Balagtas, received his naturalization certificate. Fletcher said that she thought that Schofield had charged Balagtas too much money.

25. Fletcher stated that she knew that Balagtas was not eligible for the naturalization benefits that he had received through Schofield. Fletcher also acknowledged that it is not legal to pay someone for immigration documents.

26. Fletcher admitted that after Schofield was arrested, she warned Balagtas that law enforcement would take his citizenship away. Fletcher instructed Balagtas to go back to the Philippines so that he would not go to jail.

## Conclusion

27. Based on the foregoing, I have probable cause to believe that on or about May 3, 2005, in the Eastern District of Virginia, Edgardo Palasige Balagtas directly or indirectly, corruptly gave something of value to a public official to influence an official act. Accordingly, I request that this Court issue a Criminal Complaint charging him with a violation of Title 18, United States Code, Section 201, as well as an Arrest Warrant authorizing his arrest.

28. Additionally, I have probable cause to believe that on or about May 3, 2005, in the Eastern District of Virginia, Consuelo Fletcher directly or indirectly, corruptly gave

8

something of value to a public official to influence an official act. Accordingly, I request that this Court issue a Criminal Complaint charging her with this violation, as well as an Arrest Warrant authorizing her arrest.

Pamela Bombard
Special Agent
Federal Bureau of Investigation
United States Department of Justice

Subscribed and sworn before me this ℎ/s/ day of June 2007.

/s/Thomas Rawles Jones, Jr.

The Honorable T. Rawles Jones, Jr.
United States Magistrate Judge
Alexandria, Virginia